UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                   Case No. 8:14-cv-1570-T-30EAJ

MATT RITCHIE,

    Defendant.
_____/

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

This cause comes before the Court upon Plaintiff's Motion for Default Judgment against Defendant Matt Ritchie (Dkt. 18). The Court, having reviewed the motion, supporting documentation, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

In its Amended Complaint, Plaintiff Malibu Media, LLC alleges Defendant Matt Ritchie infringed its copyrights when he disseminated without authorization all or portions of twenty-nine copyrighted movies using BitTorrent, a peer-to-peer file sharing protocol.

On June 27, 2014, Malibu Media filed its initial complaint against a Doe defendant associated with a certain IP address. In response to a third party subpoena, Ritchie's Internet Service Provider disclosed that Ritchie was the person associated with the offending IP address. Malibu filed its amended complaint naming Ritchie as the Defendant on October

16, 2014. Ritchie was served via personal service on December 9, 2014, and has not responded to the suit. The Clerk entered default on January 13, 2015. Malibu Media now moves for a default final judgment and permanent injunction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Malibu Media's federal copyright claim. Also, the amended complaint's allegations are sufficient to state a claim. Malibu Media seeks statutory damages in the amount of $1,500.00 per copyrighted

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

work for a total award of $43,500.00 (based on 29 works). The Court concludes that an amount of $1,000.00 per work is reasonable.

The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. *See* 17 U.S.C. § 504(a)-(c). Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000. *See* 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. *See* 17 U.S.C. § 504(c)(2).

Although an award of $29,000.00 is substantial, the amount is reasonable under the circumstances. First, Ritchie infringed twenty-nine of Malibu Media's copyrights. Thus, the total damages are bound to be significant even if the per-work award is relatively low. Also, based on the Court's research of similar cases, an award of $1,000.00 per work is, in fact, on the low end of the statutory scale and is also in line with damages awarded in similar circumstances. *See, e.g., Killer Joe Nevada LLC v. Doe*, No. 2:13-cv-848, 2015 WL 1236766, at *2-*3 (S.D. Ohio March 17, 2015) (noting that $6,000.00 per violation in statutory damages is typically granted in similar cases); *Malibu Media, LLC v. Flanagan*, No. 2:13-cv-5890, 2014 WL 2957701, at *4 (E.D. Pa. July 1, 2014) ("Courts considering similar infringement actions regarding unauthorized online distribution of copyrighted material have found statutory damages between $1,500.00 and $2,250.00 per infringing work to be reasonable"); *Malibu Media, LLC v. Brenneman,* No. 3:13-cv-332-PPS, 2013 WL 6560387, at *3 (N.D. Ind. Dec.13, 2013) (awarding statutory damages of $1,500.00 per infringed

movie); *PHE, Inc. v. Does 1-122,* No. 13-cv-786, 2014 WL 1856755, at *3 (N.D. Ill. May 7, 2014) (same); *Bait Prods. PTY Ltd. v. Aguilar,* No. 8:13-cv-161-T-31DAB, 2013 WL 5653357, at *6-*7 (M.D. Fla. Oct.15, 2013) ("The vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via bit torrent have assessed damages of approximately $6,000 based on an inference of willfulness[.]") (collecting cases).  Accordingly, an award of $29,000.00 is appropriate.

The Court concludes that Malibu Media's request for attorney's fees and costs in the amount of $1,657.00 is reasonable and authorized under 17 U.S.C. § 505.

Finally, the Court concludes that a permanent injunction is appropriate.  Under 17 U.S.C. § 502(a), this court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

Malibu Media has sufficiently established that absent an injunction, Ritchie will continue to cause Malibu Media irreparable injury that cannot fully be compensated or measured.  Furthermore, Ritchie has not provided the Court with any evidence purporting to show his claim to the works; therefore, Ritchie would suffer minimal, if any, hardship as

a result of the injunction being issued. Finally, there is no indication that the public interest would be disserved by the issuance of a permanent injunction against Ritchie.

It is therefore ORDERED and ADJUDGED as follows:

1. Plaintiff's Motion for Default Judgment against Defendant Matt Ritchie (Dkt. 18) is granted in part and denied in part to the extent stated herein.

2. Defendant Matt Ritchie shall pay to Plaintiff Malibu Media, LLC the sum of $29,000.00 in statutory damages and $1,657.00 for attorney's fees and costs, for a total award of $30,657.00, for which let execution issue forthwith. This amount shall accrue post-judgment interest at the current federal rate until the date of its satisfaction.

3. Defendant Matt Ritchie is enjoined from directly, contributorily, or indirectly infringing Malibu Media's rights under federal or state law in the 29 copyrighted works listed on Exhibit A attached hereto (the "Works"), including, without limitation, by using the internet, BitTorrent, or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

4. Defendant Matt Ritchie is directed to immediately destroy all copies of Malibu Media's works that he has downloaded onto any computer hard drive or server without Malibu Media's authorization, and shall destroy all copies of the

        Works transferred onto any physical medium or device in Matt Ritchie's possession, custody, or control.

5.     The Court retains jurisdiction over this action for one year.

6.     The Clerk of Court is directed to enter FINAL JUDGMENT stating that Plaintiff is entitled to the relief stated herein.

7.     The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2015.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Attachment:
Exhibit A

S:\Even\2014\14-CV-1570 DFT and Permanent Injunction.wpd